```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                   DIVISION OF ST. THOMAS AND ST. JOHN

IN RE:                         )
                               )
INNOVATIVE COMMUNICATION       )   Case No. 07-30012 (JKF)
CORPORATION,                   )   Chapter 11
                               )
        Debtor.                )   Adv. No. 09-03073 (JKF)
_____)
                               )
JOHN TUTEIN,                   )
                               )
        Appellant,             )
                               )
           v.                  )
                               )
JAMES P. CARROLL,              )   Civil No. 2014-13
LIQUIDATION TRUSTEE OF THE     )
LIQUIDATION TRUST FOR THE      )
BANKRUPTCY ESTATES OF          )
INNOVATIVE COMMUNICATION       )
COMPANY, LLC, EMERGING         )
COMMUNICATIONS, INC., AND      )
INNOVATIVE COMMUNICATION       )
CORP.                          )
                               )
        Appellee.              )
_____)
```

**ATTORNEYS:**

**John Tutein**
    *Pro se appellant.*

**Benjamin A. Currence, Esq.**
Law Offices of Benjamin A. Currence
St. Thomas, U.S.V.I.
    *For James P. Carroll, Liquidation Trustee.*

**ORDER**

**GÓMEZ, J.**

On February 7, 2014, John Tutein ("Tutein") filed a notice of appeal from the January 27, 2014, "Order Granting Plaintiff's Motion for Summary Judgment Against John Tutein Only as to the 11 U.S.C. § 548 Counts," (ECF No. 1-1), of the United States Bankruptcy Court for the District of the Virgin Islands.

Thereafter, on February 10, 2014, the Clerk of the Court issued a scheduling order (the "Scheduling Order"). The Scheduling Order required Tutein to file and serve the designation of record and a statement of issues within 10 days of the date of the order, "failing which the Appeal may be dismissed for failure to prosecute." Further, the Scheduling Order required Tutein to file and serve his brief within 30 days of the designation of record on appeal or within fifteen days of the transcript being filed, whichever came later. Tutein has failed to fully comply with the Order. Specifically, Tutein has not filed a designation of record or a statement of issues and he has not filed or served a brief.

James P. Carroll ("Carroll"), the appellee, filed a motion to dismiss for lack of prosecution on February 26, 2014.

On July 25, 2014, this Court ordered Tutein to show cause, no later than July 30, 2014, why this matter should not be

*In re Innovative*
Civil No. 2014-13
Order
Page 3

dismissed for failure to prosecute. Tutein did not respond. Because Tutein has failed to file a designation of record or statement of issues and has failed to file a brief, the above-captioned appeal may be dismissed for failure to prosecute. *See, e.g., In re E Toys Inc.,* 263 Fed. App'x 235, 238, 2008 WL 241367 at *2 (3d Cir. Jan. 30, 2008) (affirming the district court's dismissal of a bankruptcy appeal based on the appellant's "repeated failures to adhere to ordered briefing deadlines") (unpublished).

The Court of Appeals for the Third Circuit has set forth six (6) factors to be balanced in deciding whether to dismiss a case as a sanction: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The Court need not find that all of the *Poulis* factors weigh against the opposing party to find that dismissal is warranted. *Hicks v.*

*In re Innovative*
Civil No. 2014-13
Order
Page 4

*Feeney*, 850 F.2d 152, 156 (3d Cir. 1988), *cert. denied*, 488 U.S. 1005 (1989).

The first factor the Court must consider is the extent of the appellant's personal responsibility. *Poulis*, 747 F.2d at 868. Tutein is representing himself *pro se*. As such, he bears all responsibility for compliance with court orders. Since the Court's July 25, 2014, Order, Tutein has not filed a designation of the record or statement of issues, and there is no indication such documents were served on the appellee. Thus, the first factor weighs in favor of dismissal.

The second *Poulis* factor this Court must consider is prejudice to the opposing party. *Poulis*, 747 F.2d at 868. "Generally, prejudice includes the irretrievable loss of evidence, the inevitable dimming of witness memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008)(internal quotation marks and citation omitted). There has been no allegation that any of those harms have been suffered in this case. While it is conceivable that witnesses' memories may have dimmed, nothing has been presented to this Court to suggest that has occurred. Furthermore, the record indicates that Carroll has not been forced to file a significant

number of motions in this appeal. As such, the second factor weighs against dismissal.

The third factor considers whether the non-moving party has a history of dilatoriness. *Poulis*, 747 F.2d at 868. As pointed out in *Curtis T. Bedwell & Sons v. Intl. Fidelity Ins. Co.*, 843 F.2d 683 (3d Cir. 1988), "[i]n *Poulis*, one failure to answer interrogatories and a failure to file a pre-trial statement were sufficient to support a dismissal." *Curtis T. Bedwell*, 843 F.2d at 694. The circumstances in the instant case, a failure to respond to the Scheduling Order over nearly six months, or to respond to any of the commands of the Court's July 25, 2014, Order, rises to at least the level of that in *Poulis*. Thus, the third factor favors dismissal.

The fourth factor considers whether the conduct of the party or the attorney was willful or in bad faith. *Poulis*, 747 F.2d at 868. Here, there is no evidence indicating either that Tutein's failure to comply with this Court's orders was in bad faith, or that it was not. As such, this factor does not favor either dismissal or an extension of time.

The fifth factor looks at the effectiveness of sanctions other than dismissal. *Poulis*, 747 F.2d at 868. "In general, a sanction should be directed toward the particular abuse that has

occurred." *Andrews v. Gov't of the Virgin Islands*, 1321 F.R.D. 405, 413 (D.V.I. 1990) *aff'd*, 935 F.2d 1280 (3d Cir. 1991). Here, the Scheduling Order instructed Tutein to file a designation of the record and a statement of issues in this matter within ten days of his notice appeal, and then to file a brief. The July 25, 2014, Order instructed Tutein to show cause, in writing, why this matter should not be dismissed for failure to prosecute no later than July 30, 2014. Failure to file an appellate brief may generally be sanctioned by dismissal or an extension of time by which to file. *See, e.g.*, *In re E Toys Inc.*, 263 Fed. App'x 235, 238, 2008 WL 241367 at *2 (3d Cir. Jan. 30, 2008). The July 25, 2014, Order, instructing Tutein to show cause why this matter should not be dismissed for failure to prosecute, did not lead to compliance. As such, it seems unlikely that an extension of time to file in this matter would result in a more favorable outcome. The only remaining sanction typically employed in this circumstance is dismissal. Thus, the fifth factor favors dismissal.

Finally, the sixth factor considers the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. As the Court has previously noted, Tutein has failed to file a record, a statement of issues, or a brief in this matter. As such, the

*In re Innovative*
Civil No. 2014-13
Order
Page 7

Court lacks sufficient information from which to determine the merit of his contentions.

The premises considered, it is hereby

**ORDERED** that Tutein's appeal is **DISMISSED** for failure to prosecute; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this file.

S_____
**Curtis V. Gómez**
**District Judge**